1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    HEATHER FERGUS,                         Case No.  25-cv-05993-TLT

8                    Plaintiff,

9          v.                                ORDER TO SHOW CAUSE WHY THIS
                                             ACTION SHOULD NOT BE
10   TRUSTEES OF THE SAN FRANCISCO           DISMISSED
     BAY AREA RAPID TRANSIT DISTRICT,
11
                     Defendant.
12

13          Plaintiff Heather Fergus ("Plaintiff") has missed two Court deadlines and failed to respond

14   to Defendant San Francisco Bay Area Rapid Transit (sued as "Trustees of San Francisco Bay Area

15   Rapid Transit") ("Defendant")'s motion to dismiss her claims.  For the reasons discussed below,

16   Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed.

17          I.      BACKGROUND

18          On May 13, 2025, Plaintiff sued Defendant in state court, bringing four claims: (1)

19   religious discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2)

20   failure to engage in the interactive process in violation of FEHA; (3) failure to accommodate

21   religious beliefs in violation of FEHA; and (4) retaliation in violation of FEHA.  ECF 1-1.  On

22   July 16, 2025, Defendant removed this action to federal court.  ECF 1.

23          On July 22, 2025, Defendant moved to extend the responsive pleading deadline.  ECF 7.

24   On July 30, 2025, the Court granted the extension and ordered Defendant to respond to the

25   Complaint no later than August 25, 2025.  ECF 9.

26          On August 25, 2025, Defendant filed a motion to dismiss Plaintiff's complaint.  ECF 12.

27   Plaintiff's opposition was due by September 8, 2025.  *See id.*  On September 4, 2025, Defendant

28

United States District Court
Northern District of California

1   filed another motion to dismiss containing the same arguments.  ECF 17.  Plaintiff's opposition

2   was due by September 18, 2025.

3          In Defendant's motions to dismiss, Defendant argues that Plaintiff failed to properly name

4   and serve the correct entity, rendering the Summons defective under Federal Rule of Civil

5   Procedure 12(b)(4)–(5).  ECF 17 at 5.  Defendant also argues that Plaintiff attempted service on

6   "Trustees of San Francisco Bay Area Rapid Transit District," an entity that does not exist, which

7   renders Plaintiff's service improper.  *Id.*  Accordingly, Defendant argues that Plaintiff failed to

8   assert the Court's personal jurisdiction over any defendant and the action must be dismissed.  *Id.*

9   Plaintiff did not file a response to either of Defendant's motions to dismiss.

10         On September 25, 2025, after the opposition deadlines passed, Defendant filed a notice of

11  Plaintiff's non-opposition to Defendant's motion to dismiss.  ECF 18.  Defendant requested that

12  the Court grant Defendant's motion to dismiss, ECF 17, in its entirety.  *Id.* at 2.

13         **II.      LEGAL STANDARD**

14         "Any opposition to a motion . . . must be filed and served not more than 14 days after the

15  motion was filed."  Civ. L.R. 7-3(a).

16         "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

17  may move to dismiss the action or any claim against it. Unless the dismissal order states

18  otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

19  Fed. R. Civ. P. 41(b).  "[B]efore dismissing a case for failure to prosecute, the court must weigh

20  the following factors: (1) 'the public's interest in expeditious resolution of litigation'; (2) "the

21  court's need to manage its docket'; (3) 'the risk of prejudice to the defendant[ ]'; (4) 'the

22  availability of less drastic sanctions'; and (5) 'the public policy favoring disposition of cases [on]

23  their merits.'"  *NFlash, Inc. v. ComNet Tech. Grp.*, No. 24-cv-03634, 2025 WL 964686, at *1

24  (N.D. Cal. Mar. 31, 2025) (citing *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)).

25         **III.     DISCUSSION**

26         The Court finds that Plaintiff's failure to file a response to Defendant's motions to dismiss

27  violates Civil Local Rule 7-3(a) and the Court's deadlines.  Defendant first filed a motion to

28  dismiss on August 25, 2025.  ECF 12.  Plaintiff's opposition was due by September 8, 2025.  *Id.*

United States District Court
Northern District of California

Plaintiff did not oppose Defendant's motion. Defendant's second motion to dismiss was filed on September 4, 2025. ECF 17. Plaintiff's opposition was due by September 18, 2025. *Id.* Plaintiff did not oppose Defendant's motion. Thus, Plaintiff failed to comply with the Court's deadlines. *See* Civ. L.R. 7-3(a); *Berkeley Homeless Union v. City of Berkeley*, No. 25-cv-04449, 2025 WL 2644753, at *1 (N.D. Cal. Sept. 15, 2025) (dismissing action for failure to prosecute where plaintiff failed to respond to motion to dismiss). Accordingly, Plaintiff is in violation of the Court's rules and Plaintiff must show cause, considering the relevant factors, this action should not be dismissed under Federal Rule of Civil Procedure 41(b).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed. Plaintiff shall file a response no later than October 9, 2025. Absent a response, the Court will dismiss this matter on October 17, 2025 for failure to prosecute.

IT IS SO ORDERED.

Dated: September 29, 2025

TRINA L. THOMPSON
United States District Judge